# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-682V
**Filed: March 27, 2018**
UNPUBLISHED

| | |
|---|---|
| TANITHA JACKSON, as the legal representative of her minor son, D. E.,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>               Respondent. | Special Processing Unit (SPU); Damages Decision Based on Proffer; Pneumococcal Conjugate Vaccine; Varicella Vaccine; Cellulitis; Abscess |

*Curtis R. Webb*, Twin Falls, ID, for petitioner.
*Lisa Ann Watts*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On May 23, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that that D.E. developed an abscess requiring surgery as a result of his measles, mumps and rubella ("MMR") vaccine, pneumococcal 13-valent conjugate ("PCV 13") vaccine, hepatitis A ("Hep A") vaccine, influenza ("flu") vaccine, and varicella vaccine administered on October 13, 2016. Petition at 1-3. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On October 12, 2017, a ruling on entitlement was issued, finding petitioner entitled to compensation for right leg cellulitis and abscess. On March 26, 2018, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

should be awarded should be awarded $39,405.26, consisting of pain and suffering in the amount of $35,000.00 and funds to satisfy a State of Georgia Medicaid lien in the final amount of $4,405.26. Proffer at 1-2.

In the Proffer, respondent represented that petitioner agrees with the proffered award. Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards the following compensation:**

A. A lump sum payment of $35,000.00 representing compensation for D.E.'s pain and suffering in the form of a check payable to petitioner as guardian/conservator of the estate of D.E. for the benefit of D.E. No payment shall be made until petitioner provides the Secretary with documentation establishing her appointment as guardian/conservator of D.E.'s estate. If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator 3 of the estate of D.E. at the time a payment pursuant to this Proffer is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of D.E. upon submission of written documentation of such appointment to the Secretary.

B. A lump sum payment of $4,405.26, representing compensation for satisfaction of a State of Georgia Medicaid lien on D.E.'s behalf, payable jointly to petitioner and

> The Rawlings Company
> Subrogation Division
> Attn: Ericka Boarman
> P.O. Box 2000
> LaGrange, KY 40031-2000
> Reference No.: 85014613

Petitioner agrees to endorse this payment to The Rawlings Company.

This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| TANITHA JACKSON, as the Legal Representative of her Minor Son, D.E., <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | ) <br> ) <br> ) **ECF** <br> ) <br> ) <br> ) No. 17-682V <br> ) Chief Special Master <br> ) Nora Beth Dorsey <br> ) <br> ) <br> ) <br> ) |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On May 23, 2017, Tanitha Jackson ("petitioner"), filed a petition for compensation under the National Vaccine Injury Compensation Act of 1986, 42 U.S.C. §§ 300aa-10 to -34 ("Vaccine Act" or "Act"), as amended, on behalf of her minor son, D.E.  Petitioner alleges that D.E. developed injuries including: cellulitis and a sterile abscess in his right thigh necessitating surgical intervention, which were caused-in-fact by measles, mumps and rubella ("MMR") vaccine, pneumococcal 13-valent conjugate ("PCV 13") vaccine, hepatitis A ("Hep A") vaccine, influenza ("flu") vaccine, and varicella vaccine administered on October 13, 2016.  See Petition ("Pet.") at ¶¶ 1-22.

On October 12, 2017, respondent filed his Rule 4(c) Report conceding entitlement in this matter, and the Chief Special Master's Ruling on Entitlement was issued the same day. Respondent now files this Proffer regarding compensation to be awarded to petitioner, on D.E.'s behalf, under the terms of the Vaccine Act.

1

I.      **Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner, on D.E.'s behalf, should be awarded $39,405.26, consisting of pain and suffering in the amount of $35,000.00 and funds to satisfy a State of Georgia Medicaid lien in the final amount of $4,405.26, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action that the State of Georgia may have against any individual as a result of any Medicaid payments the State of Georgia has made on behalf of D.E. from the date of his eligibility for benefits through the date of judgment in this case as a result of his vaccine-related injury under Title XIX of the Social Security Act.

The proffered amount of $39,405.26 represents all elements of compensation to which petitioner would be entitled on D.E.'s behalf under 42 U.S.C. § 300aa-15(a).[1]  Petitioner agrees.

II.     **Form of the Award**

The parties recommend that the compensation provided to petitioner should be made through a combination of lump sum payments as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:

A.  A lump sum payment of $35,000.00 representing compensation for D.E.'s pain and suffering in the form of a check payable to petitioner as guardian/conservator of the estate of D.E. for the benefit of D.E.   No payment shall be made until petitioner provides the Secretary with documentation establishing her appointment as guardian/conservator of D.E.'s estate.   If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator

---

[1]  Should D.E. die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.   In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

2

of the estate of D.E. at the time a payment pursuant to this Proffer is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of D.E. upon submission of written documentation of such appointment to the Secretary.

B.  A lump sum payment of $4,405.26, representing compensation for satisfaction of a State of Georgia Medicaid lien on D.E.'s behalf, payable jointly to petitioner and

> The Rawlings Company
> Subrogation Division
> Attn: Ericka Boarman
> P.O. Box 2000
> LaGrange, KY 40031-2000
> Reference No.: 85014613

Petitioner agrees to endorse this payment to The Rawlings Company.

**III.    Summary of Recommended Payments Following Judgment**

A.    Lump Sum paid to petitioner :                                   **$35,000.00**

B.    Medicaid lien:                                                  **$ 4,405.26**


Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

3

                          GABRIELLE M. FIELDING
                          Assistant Director
                          Torts Branch, Civil Division

                          s/Lisa A. Watts
                          LISA A. WATTS
                          Senior Trial Attorney
                          Torts Branch, Civil Division
                          U.S. Department of Justice
                          P.O. Box 146
                          Benjamin Franklin Station
                          Washington, D.C. 20044-0146
                          Tel.:   (202) 616-4099

DATED: March 26, 2018